CASE 24—PETITION ORDINARY—JUNE 17.

# Gwinn vs. Ditto.

APPEAL FROM HENRY CIRCUIT COURT.

1. Gwinn notified Ditto in writing, September 25, 1864, that he was going to move his portion of the division fence between them. Ditto did not consent. As the notice was not given six months previous to November 1, 1864, or even March 1, 1865, it was a legal notice that he would remove his portion of the fence between November 1, 1865, and March 1, 1866, as required by act of March 2, 1863. (*Myers' Sup.*, 272.)

2. In pursuance of a notice in writing, more than six months previous thereto, in January, 1866, Gwinn severed and removed a part of his portion of the division fence, and removed the remainder in the following March. *Held*—That, by the notice and partial severance, within the period required by law, the objects of the law were substantially attained; and if the removal in March should be construed as a technical violation of the rigid letter of the law, Gwinn, at most, was only liable for nominal damages.

JAMES HARLAN, JR.,                                For Appellant,
                        CITED—
*Act of March* 2, 1863, *Myers' Sup.*, 272.

PRYOR. & BARBOUR,                               For Appellee,
                        CITED—
*Act of March* 2, 1863, *Myers' Sup.*, 272.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee Ditto sued Gwinn in an action of trespass, for removing his portion of a joint partition fence, and the jury having assessed the damages at fifty-one dollars, which the court adjudged against him, he has appealed.

By the second and third sections of the act of March 2, 1863 (*Myers' Supplement*, 272), it is provided, that "when a partition fence has existed, or may hereafter exist, by agreement or acquiescence between two or more persons, *neither party shall remove the same without the consent of the other, except between the first of November and the first of March, in each year;*" and that "no such change as named in the second section of this act *shall be made, unless six months' previous notice, in writing, shall be given the opposite party by the person desiring to make the same.*"

Gwinn, desiring to remove his part of the fence, gave the following written notice to appellee:

"Mr. E. F. Ditto, you are hereby notified to withdraw your fence from that of mine, as I am going to move my fence this September 25, 1864.

"C. GWINN."

Nothing more seems to have transpired between these parties until in January, 1866, when Gwinn removed a part of his portion of the fence, and removed the remainder the following March.

As Ditto did not consent to a removal, and as Gwinn had not given six months' notice previous to November 1, 1864, nor even March 1, 1865, he could not then remove his portion of the fence consistent with Ditto's legal rights; but such notice was sufficient to admonish him that Gwinn would embrace the first legal period to execute his purpose of removal, and therefore was a legal notice that he would, between November 1, 1865, and March 1, 1866, remove his portion of the fence.

The object of the statute is evidently that one party shall not surprise and inconvenience the other owner of a joint partition fence by removing his part at an inconvenient season, when labor would be needed in

Gwinn vs. Ditto.

the pitching and cultivation of the crop; hence, the most leisure season, that between November 1 and March 1, is designated as the appropriate time, the adverse party having six months' written notice in which to sever their joint interest. In this case, whilst the severance began, and was partially accomplished within the designated period, it was not entirely so; but all the objects of the law were substantially attained by the notice and the partial severance; and if the subsequent perfecting the entire separation of the joint interest should be construed a technical violation of the rigid letter of the law, it at most would entitle the complaining party to but nominal damages; and we think this, perhaps, the better construction of the statute.

The instructions given were in conflict with these views, misleading and erroneous, and entitled the appellant to a new trial in the court below, which, being refused, entitle him to a reversal here.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings consistent herewith.